IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BILLY TYLER, | ) | 8:10CV107 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| BRISTOL-MEYER SQUIBB, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff filed his Complaint in this matter on March 18, 2010. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

### I. SUMMARY OF COMPLAINT

Plaintiff filed his Complaint on March 18, 2010, against Bristol-Meyer Squibb. (Filing No. 1 at CM/ECF p. 1.) Defendant is a Connecticut corporation that manufactures the pharmaceutical drug Plavix. (*Id*.) Plaintiff currently resides in Omaha, Nebraska. (*See* Docket Sheet.)

Condensed and summarized, Plaintiff alleges that he had a heart attack and was prescribed Plavix. (Filing No. 1 at CM/ECF pp. 4-5.) Plaintiff, however, cannot "assimilate" Plavix and gets sick and nauseous when he takes it. (*Id*. at CM/ECF p. 5.) Plaintiff alleges that Defendant knew about these side effects and used him as a "pig." (*Id*. at CM/ECF pp. 9-11.) Plaintiff seeks $100,000,000.00 in monetary damages.[1] (*Id*. at CM/ECF p. 11.)

---

[1] Plaintiff seeks to invoke this court's diversity of citizenship subject matter jurisdiction in this matter. (Filing No. 1 at CM/ECF p. 3.)

## II.   APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

## III.   DISCUSSION OF CLAIMS

Plaintiff's Complaint does not contain any references to state or federal law and his allegations are difficult to decipher. As best as the court can tell, Plaintiff is alleging that Defendant failed to warn him about the side effects of Plavix. Thus, the court liberally construes Plaintiff's Complaint to allege a products liability claim under Nebraska law.

Under Nebraska law, a prescription drug can be defective if its instructions or warnings are inadequate. *Freeman v. Hoffman-LaRoche, Inc.*, 618 N.W.2d 827, 841 ( Neb. 2000). To determine whether a manufacturer may be liable for a warning or a defect in a prescription drug case, Nebraska uses the learned intermediary doctrine in § 6(d) of the Third Restatement of Torts. *Id.* Section 6(d) provides that:

> A prescription drug or medical device is not reasonably safe due to inadequate instructions or warnings if reasonable instructions or warnings regarding foreseeable risks of harm are not provided to:
>
> (1) prescribing and other health-care providers who are in a position to reduce the risks of harm in accordance with the instructions or warnings; or
>
> (2) the patient when the manufacturer knows or has reason to know that health-care providers will not be in a position to reduce the risks of harm in accordance with the instructions or warnings.
>
> Restatement (Third) of Torts: Prod. Liab. § 6(d) (1998).

Here, Plaintiff does not allege that he, or his health-care provider, were not provided with reasonable warnings about the side effects of Plavix. In addition, he does not allege that Defendant had any reason to know that a health-care provider would not be able to reduce any risk of harm with instructions or warnings.

Instead, Plaintiff asserts that a Federal Drug Administration "alert recall" shows that Defendant was negligent. (Filing No. 1 at CM/ECF pp. 7-9.) Plaintiff does not discuss the substance of this "alert recall" or include it with his Complaint. In short, Plaintiff's allegations do not allow the court to draw reasonably infer that Defendant is somehow liable for the misconduct alleged. Accordingly, Plaintiff's Complaint is dismissed without prejudice for failure to state a claim upon which relief may be granted.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Complaint (filing no. 1) is dismissed without prejudice.

2. A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 23rd day of April, 2010.

BY THE COURT:

*Richard G. Kopf*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.